IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DeWayne K. Handy, Jr., Sonya McIntyre-Handy, | C/A No. 0:23-cv-5363-SAL |
| Plaintiffs, | |
| v. | **ORDER** |
| York County Sheriff Dept., York County Court, and (SCICAC) Attorney General, | |
| Defendants. | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 58.] For the reasons below, the court adopts the Report and grants Defendants' motion to dismiss, ECF No. 37.

**BACKGROUND AND PROCEDURAL HISTORY**

In May 2023, Plaintiff DeWayne K. Handy, Jr., was arrested in York County, South Carolina on charges related to criminal solicitation of a minor. *See* ECF No. 29 at 1–3. He was later indicted on those charges, which remain pending at this time. *See* York County Public Index, https://publicindex.sccourts.org/York/PublicIndex/PISearch.aspx (enter 2023A4610201323, 2023A4610201324, 2023A4610201325, 2023A4610201326).

Handy, Jr., and his mother, Sonya McIntyre-Handy, filed this *pro se* action on October 25, 2023, alleging numerous constitutional violations by state and county authorities. *See* ECF Nos. 1, 29. Plaintiffs specifically claim the York County Sheriff's Office falsely arrested and imprisoned Handy, Jr., based on information gathered by an undercover agent. [ECF No. 29 at 1–3.] Following his arrest, Handy, Jr., was allegedly denied a phone call to his attorney and deprived

1

of information related to his seized property. *Id.* at 3–4. Plaintiffs also claim that the York County Court of General Sessions "deliberately hid[]" Handy, Jr.'s name in its processing system, causing McIntyre-Handy to believe her son was a "missing person." *Id.* at 2. They seek damages and an injunction requiring Defendants—including the Internet Crimes Against Children Task Force at the South Carolina Attorney General's Office—to reform their methods for investigating criminal solicitation of minors on online platforms. *Id.* at 7–8.

Defendants move to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 37.] They claim immunity from liability and argue that, in any event, Plaintiffs' claims do not allege any cognizable constitutional violations. The magistrate judge agrees and recommends the court dismiss as moot Plaintiffs' motions to amend their service documents, ECF Nos. 45 and 53. [ECF No. 58.] Plaintiffs object to that recommendation on several grounds. [ECF No. 62.] The matter is now fully briefed and ripe for review.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews *de novo* only the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an

explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Because Plaintiffs are proceeding *pro se*, the court must liberally construe their arguments to allow them to fully develop potentially meritorious claims. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). That said, the requirement of liberal construction does not mean the court can ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

### I.

The Report construes Plaintiffs' claims as an action under 42 U.S.C. § 1983, which allows litigants to recover for violations of federal rights committed by persons acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see* ECF No. 58. The magistrate judge concludes that Defendants are not "persons" amenable to suit under § 1983. The court agrees.

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity extends to a state's agents and instrumentalities, who also enjoy Eleventh Amendment immunity as "arms of the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). The Supreme Court has thus held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.

Each named Defendant in this case is immune from suit under § 1983. As part the state's executive and judicial branches, respectively, the South Carolina Attorney General's Office and York County Court of General Sessions are shielded from liability. *See Parker v. Beaufort Cnty.*

*Det. Ctr.*, No. CA 407-0287-MBS-TER, 2007 WL 1377639, at *2 (D.S.C. May 7, 2007) (noting county courts are part of South Carolina's "unified judicial system"). Additionally, it is "well settled" that county sheriff's offices in South Carolina are considered state agencies for Eleventh Amendment purposes. *See Williams v. Pelletier*, No. 2:23-CV-02149-DCN, 2023 WL 8627812, at *3 (D.S.C. Dec. 13, 2023) (citation omitted) (collecting sources); *see also Cromer v. Brown,* 88 F.3d 1315, 1332 (4th Cir. 1996). The court therefore agrees with the Report that Defendants cannot be held liable for Plaintiffs' claims.

## II.

Plaintiffs object to the Report's findings on immunity. They argue discovery is needed because the proper defendants are currently unknown to them. [ECF No. 62 at 13.] The court notes that *pro* se litigants who assert potentially meritorious claims against unknown defendants are generally entitled to "a reasonable opportunity to determine the correct person or persons" to sue. *Gordon*, 574 F.2d 1147, 1152–53 (4th Cir. 1978). However, the court agrees with the Report that no viable causes of action are present here. [ECF No. 58 at 6–8.] It briefly addresses Plaintiffs' claims in turn.

To begin, Plaintiffs allege that Defendants falsely arrested and imprisoned Handy, Jr., in violation of the Fourth Amendment. [ECF No. 29 at 1–2.] To state such a claim, however, Plaintiffs must allege that Defendants seized him without probable cause. *See generally Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). Plaintiffs do not do so here. As the Report notes, they do not clearly describe the events

surrounding Handy, Jr.'s arrest and, thus, prevent the court from evaluating the reasonableness of Defendants' actions.[1]  [ECF No. 58 at 7.]

Plaintiffs next claim that the York County Sheriff's Office denied Handy, Jr., information related to his car, which was allegedly seized incident to his arrest.  [ECF No. 29 at 4.]  They suggest this conduct constituted "disparate[]" treatment in violation of the Equal Protection Clause. *Id.*  Such a claim, however, requires litigants to allege "the unequal treatment was the result of intentional or purposeful discrimination."  *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).  Plaintiffs do not plead any facts to satisfy this requirement. And though they maintain in their objections that Defendants' conduct was based on his race, these new claims do not appear anywhere in the complaint.  *See* ECF No. 62 at 8, 12; *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011) (limiting district courts to materials contained in the complaint on a 12(b)(6) motion).[2]

Plaintiffs also contend that Defendants denied Handy, Jr., a post-arrest call to his attorney. [ECF No. 29 at 4.]  However, they do not identify with "specificity" an "actual injury" resulting from this conduct.  *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).  Thus, Plaintiffs do not plausibly allege Defendants inferred with Handy, Jr.'s access to the courts.

---

[1] The complaint and objections imply that Defendants "manufactur[ed]" probable cause in this case.  ECF No. 29-1 at 2; *see also* Nos. 29 at 5; 62 at 11.  For example, Plaintiffs allege the York County Sheriff's Office committed "cyber fraud" and "coercion" by using an undercover agent to investigate Handy, Jr.'s activity on online dating sites.  [ECF No. 29 at 5.]  But, the use of these investigatory techniques does not constitute the sort of *per se* constitutional violation that Plaintiffs suggest.  *See Hoffa v. United States*, 385 U.S. 293, 302 (1966) (rejecting the view that the Fourth Amendment protects "a wrongdoer's misplaced belief [in] a person to whom he voluntarily confides"); *Illinois v. Perkins*, 496 U.S. 292, 297–98 (1990) (approving the use of an undercover agent in the Fifth Amendment context and distinguishing coercion from "mere strategic deception").

[2] In their objections, Plaintiffs contend they have a claim under the Title VI of the Civil Rights Act of 1964, in addition to § 1983.  [ECF No. 62 at 8–10, 12.]  Such a claim would likewise fail, as the complaint contains no allegations of discrimination based on Handy Jr.'s race.

5

Lastly, Plaintiffs assert the York County Court of General Sessions did not inform McIntyre-Handy of her son's whereabouts following his arrest. But, as the Report notes, they do not allege that McIntyre-Handy was entitled to this information or that her rights were otherwise violated. [ECF No. 58 at 6.] The court rejects as conclusory Plaintiffs' claim, without more, that this conduct interfered with her "1st, 4th, and 14[th]" Amendment rights. [ECF No. 62 at 4.]

In sum, Plaintiffs do not name persons amenable to suit under § 1983 and fail to state any viable constitutional violations. They thus cannot save their claims by substituting the named defendants. To the extent Plaintiffs' remaining objections further dispute the merits of their claims, they are overruled.[3]

## CONCLUSION

For the foregoing reasons, the court adopts the Report, ECF No. 58, in full and incorporates it by reference. The court accordingly **GRANTS** Defendants' motion to dismiss, ECF No. 37, and **DISMISSES** as moot Plaintiffs' motions to amend their service documents, ECF Nos. 45 and 53.[4]

IT IS SO ORDERED.

May 9, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[3] The court also rejects Plaintiffs' claim that the Report's recommendation was "bias[ed]" by *ex parte* communications with Defendants. [ECF No. 62 at 1, 12.] The materials attached to the objections do not indicate any improper contact by the magistrate judge.
[4] Each motion filed after the Report is also moot. *See* ECF Nos. 66, 68, 70.